## Commonwealth, to use, v. Clauss et al. No. 2.

*Execution—Wages claim—Sufficient notice—Act of April 9, 1872.*

A notice given the sheriff by a wage claimant, under the Wages Act of April 9, 1872, P. L. 47, in the shape of a bill, itemizing the days upon which claimant performed "hired labor" for defendant, and the rate per day, but not setting forth that the property levied upon is subject to claimant's lien, and stating no facts which describe the process in the hands of the sheriff sufficiently to identify it, is defective.

*Assumpsit.* Affidavit of defence raising questions of law. C. P. Lehigh Co., Jan. T., 1924, No. 20.

*James F. Henninger*, for use-plaintiff.

*Thomas F. Diefenderfer*, for defendants.

RENO, J., Dec. 3, 1923.—Most of the questions raised by this record have already been decided in an opinion this day filed in Com., to use of Schlegel, *v.* Clauss et al., January Term, 1924, No. 19 [*ante*], a case arising out of the same circumstances. It is necessary here to indicate only briefly the new question raised by this record.

The notice is in the shape of a bill, itemizing the days upon which claimant performed "hired labor" for defendant and the rate per day. But it does not allege that the property levied upon is subject to claimant's lien, and states no facts which describe the process in the hands of the sheriff sufficiently to identify it: Hall's Estate, 148 Pa. 121. The notice is defective, and, therefore, the action to recover cannot be sustained.

Now, Dec. 3, 1923, the affidavit of defence raising questions of law is sustained.     From James L. Schaadt, Allentown, Pa.